FILED-USDC-NDTX-DA
'25 AUG 6 AM8:45
KM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MARK EXPOSITO

NO. 3-25CR-367 L

**FACTUAL RESUME**

In support of Mark Exposito's plea of guilty to the offense in Count One of the Information, Exposito, the defendant, Scott Palmer and Russell Turkel, the defendant's attorneys, and the United States of America (the government) stipulate and agree to the following:

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 641), that is conspiracy to commit theft of government money or property, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant and at least one other person agreed to commit the crime of theft of government money or property, as charged in the Information;

*Second.* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.* That at least one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts

[1] *See* Fifth Circuit Pattern Jury Instruction 2.15A (2024).

described in the Information in order to accomplish some object or purpose of the conspiracy.

The elements of Theft of Government Money or Property, a violation of 18 U.S.C. § 641 are as follows:[2]

*First.* That the money described in the Information belonged to the United States government;

*Second.* That the defendant embezzled, stole, or knowingly converted such money to the defendant's own use;

*Third.* That the defendant did so knowing the money was not his and with intent to deprive the owner of the use or benefit of the money; and

*Fourth.* That such property then had a value in excess of $1,000.

**STIPULATED FACTS**

1. Mark Exposito admits and agrees that, on or about April 2, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, he did knowingly, intentionally, and willfully conspire, combine, and agree with others to commit an offense against the United States, that is a violation of Title 18, United States Code, Section 641, by embezzling, stealing, purloining, and knowingly converting to his own use, money and property of the United States of value exceeding $1,000.00, namely loan proceeds under the Paycheck Protection Program, which was funded and administered by the United States Small Business Administration through the federal CARES Act, to which he knew he was not entitled.

[2] *See* Fifth Circuit Pattern Jury Instruction 2.27 (2024).

2. Exposito agrees that, on or about March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("The Cares Act"), an economic stimulus bill that, among other things, provided emergency assistance to small business owners in all U.S. states, Washington D.C., and territories affected by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3. Exposito further agrees that the PPP program, which was operated by the Small Business Administration ("SBA"), provided small businesses with funding to meet specific business obligations, including payroll and rent. The PPP loan application required that businesses acknowledge, through authorized representatives, the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

4. Exposito further agrees that, as part of the PPP loan application, businesses were required to state their average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the applicant businesses were eligible to receive under the PPP. In addition, businesses were required to provide documentation evidencing their payroll expenses, such as bank statements and federal tax documents. Specifically, PPP loan proceeds could be used only for certain specified items, such as payroll costs, rent, or mortgage interest payments.

5. Exposito agrees that the proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences,

clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

6. Exposito admits that from on or about June 1, 2020 to on or about April 2, 2021, he knowingly, intentionally, and willfully conspired with others to enrich themselves by fraudulently obtaining Paycheck Protection Program loan proceeds funded and administered by the United States Small Business Bureau.

7. Exposito admits that, on or about March 23, 2021, in furtherance of the conspiracy, he caused an application for a PPP loan—on behalf of his business Circle E Ranch—to be submitted through third-party lender Cross River Bank. That application falsely stated that Circle E Ranch had 42 employees with an average monthly payroll of $281,551. The application also contained a fraudulent 2019 Internal Revenue Service Form 940.

8. Exposito further admits that, in furtherance of the conspiracy, he and coconspirator A agreed to alter and did alter a bank statement in support of the application. This altered bank statement falsely showed that Circle E Ranch had business income.

9. Exposito agrees and admits that his loan application was approved and, on or about April 2, 2021, he received $706,377 in PPP loan proceeds to a BB&T Corporation bank account ending in 8701 that he controlled. Exposito agrees that this money belonged to the United States government.

10. Exposito admits and agrees that, from on or about April 2, 2021, to on or about May 25, 2021, he wired $577,231.95 of the PPP loan proceeds to several other business bank accounts that he controlled.

11. Specifically, Exposito admits that on April 2, 2021, he wired $247,231.95 in PPP loan proceeds to a BB&T Corporation bank account ending in 0021 that he controlled. Exposito then further wired the loan proceeds to a bank account controlled by Coconspirator A.

12. Exposito admits and agrees that he knew that he was not entitled to the PPP loan proceeds that he obtained on behalf of Circle E Ranch and that he knowingly and willfully converted the PPP loan proceeds for his own use.

13. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 4 day of August, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

MARK EXPOSITO
Defendant

SCOTT PALMER
Attorney for Defendant

RUSSELL TURKEL
Attorney for Defendant

RYAN P. NIEDERMAIR
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24116828
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8809
Email: ryan.niedermair@usdoj.gov