CLOSED,RUTHERFORD

# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: <u>3:25−cr−00367−L</u>−1

Case title: USA v. Exposito

Date Filed: 08/06/2025

Date Terminated: 09/18/2025

Assigned to: Judge Sam A. Lindsay

**<u>Defendant (1)</u>**

**Mark Exposito**
*TERMINATED: 09/18/2025*

represented by **Scott H Palmer**
Scott H Palmer PC
15455 Dallas Parkway, Suite 540
Addison, TX 75001
214−987−4100
Fax: 214−922−9900
Email: <u>scott@palmerperlstein.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

**Russell Sloan Turkel**
Scott H Palmer PC
15455 Dallas Parkway, Suite 540
Addison, TX 75001
214−987−4100
Fax: 214−922−9900
Email: <u>Russell@PalmerPerlstein.com</u>
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18 U.S.C. § 371 (18 U.S.C. § 641) Conspiracy to Commit Theft of Government Money or Property (1) | Rule 20 Transfer to Eastern District of Texas, Sherman Division. |

**Highest Offense Level (Terminated)**

Felony

**Complaints**                                              **Disposition**

None

**Plaintiff**

**USA**                              represented by  **Ryan Patrick Niedermair–DOJ**
                                                   US Attorney's Office
                                                   1100 Commerce Street, Suite 300
                                                   Dallas, TX 75242
                                                   214–659–8725
                                                   Fax: 214–659–8812
                                                   Email: ryan.niedermair@usdoj.gov
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: US Attorney's Office*
                                                   *Bar Status: Not Admitted*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2025 | 1 | FELONY INFORMATION with Forfeiture Notice as to Mark Exposito (1) count(s) 1. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (knb) (Entered: 08/07/2025) |
| 08/06/2025 | 2 | WAIVER OF INDICTMENT by Mark Exposito. (knb) (Entered: 08/07/2025) |
| 08/06/2025 | 3 | PLEA AGREEMENT as to Mark Exposito. (knb) (Entered: 08/07/2025) |
| 08/06/2025 | 4 | Factual Resume as to Mark Exposito. (knb) (Entered: 08/07/2025) |
| 08/07/2025 | 5 | NOTICE OF ATTORNEY APPEARANCE by Russell Sloan Turkel (Clerk to Set Designation as: Retained) appearing for Mark Exposito (Filer confirms contact info in ECF is current.) (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (Turkel, Russell) (Entered: 08/07/2025) |
| 08/07/2025 | 6 | NOTICE OF ATTORNEY APPEARANCE by Russell Sloan Turkel on behalf of Scott H. Palmer appearing for Mark Exposito (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (Turkel, Russell) (Entered: 08/07/2025) |
| 09/18/2025 | 8 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Eastern District of Texas, Sherman Division. Counts closed as to Mark Exposito (1) Count 1. (knb) (Entered: |

2

09/18/2025)



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'25 AUG 6 AM8:46
YYY

UNITED STATES OF AMERICA

v.

MARK EXPOSITO

NO.

3-25CR-367 L

## **INFORMATION**

The Acting United States Attorney charges:

### Count One
Conspiracy to Commit Theft of Government Money or Property
(18 U.S.C. § 371 (18 U.S.C. § 641))

1.  On or about April 2, 2021, within the Northern District of Texas, the defendant,

**Mark Exposito**, did knowingly, intentionally, and willfully conspire, combine, and agree

with others known and unknown to the Acting United States Attorney to commit an

offense against the United States, that is a violation of Title 18, United States Code,

Section 641, by embezzling, stealing, purloining, and knowingly converting to his own

use, money and property of the United States of value exceeding $1,000, namely

Paycheck Protection Program loan proceeds funded and administered by the United

States Small Business Bureau through the federal CARES Act, to which he knew he was

not entitled.

### Purpose of the Conspiracy

2.  The purpose of the conspiracy was for **Mark Exposito** and others to enrich

themselves by fraudulently obtaining Paycheck Protection Program loan proceeds funded

and administered by the United States Small Business Bureau.

**Information—Page 1**

<u>Manner and Means</u>

3.  The manner and means by which the defendant and others sought to accomplish
the purpose of the conspiracy included, among others, the following:

> a.  As part of the scheme, **Mark Exposito** submitted fraudulent loan
>     applications under the Paycheck Protection Program on behalf of his
>     various companies.
>
> b.  As part of the scheme, **Mark Exposito** and others prepared false bank
>     statements in support the companies' loan applications.

<u>Overt Acts</u>

4.  As an overt act in furtherance of the conspiracy, on or about March 23, 2021,
**Mark Exposito** and others created an altered bank statement for submission to Bank A in
support of Circle E Ranch's Paycheck Protection Program loan application.  This
fraudulent bank statement falsely showed that Circle E Ranch had business income.

5.  As an overt act in furtherance of the conspiracy, on or about March 23, 2021,
**Mark Exposito** caused to be submitted a loan application under the Paycheck Protection
Program to Bank A on behalf of his company Circle E Ranch that fraudulently inflated
the company's number of employees and monthly payroll expenses.

6.  As an overt act in furtherance of the conspiracy, on or about April 2, 2021, **Mark
Exposito** received $706,377.00 in Paycheck Protection Program loan proceeds as a result
of his fraudulent loan application.

> All in violation of 18 U.S.C. § 371 (18 U.S.C. § 641).

Information—Page 2

Forfeiture Notice
[18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461]

1.      Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense.

2.      The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgment" in the amount of U.S. currency constituting the gross proceeds traceable to the offense.

3.      Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

Information—Page 3

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


RYAN P. NIEDERMAIR
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8809
Email: ryan.niedermair@usdoj.gov

**Information—Page 4**

FILED-USDC-NDTX-DA
'25 AUG 6 AM8:45



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MARK EXPOSITO

NO.

3 - 2 5 C R - 3 6 7   L

### WAIVER OF INDICTMENT

Mark Exposito, the defendant, has been informed that a one-count Information has

been filed which accuses the defendant of violating 18 U.S.C. § 371 (U.S.C. § 641), that

is, conspiracy to commit theft of government money or property.

The defendant, being advised of the nature of the above charge and the proposed

felony information, understands the following:

1.  The defendant has the right to have the defendant's case presented to a

    Federal Grand Jury;

2.  The Grand Jury must consist of citizens of the Northern District of Texas,

    and the Grand Jury must consist of not more than 23 nor less than 16 citizens,

    12 of whom must vote in favor of an indictment before such an indictment is

    returned or "true billed";

3.  In order to return a "true bill" of indictment, the Grand Jury must find from

    the evidence presented, that there is probable cause to believe that a federal

    offense has been committed and that the defendant committed that federal

    offense;

**Waiver of Indictment - Page 1**

4. The defendant may waive or give up the defendant's clear legal right to have the defendant's case presented to the Grand Jury; and

5. The defendant has discussed the right to waive or give up having the defendant's case presented to the Grand Jury with the defendant's lawyer, and the defendant's lawyer has fully explained the consequences of waiving this legal right.

After consultation with counsel, the defendant hereby voluntarily, knowingly, and intelligently waives now and agrees to later waive in open court the defendant's legal right to have the defendant's case presented to a Federal Grand Jury and consents that the prosecution may proceed by Information rather than by indictment.

Signed this the _4_ day of _AUGUST_, 2025.

_____
MARK EXPOSITO
Defendant

_____
SCOTT PALMER
Attorney for Defendant

_____
RUSSELL TURKEL
Attorney for Defendant

**Waiver of Indictment - Page 2**

9

USDC-NDTX-DA
'25 AUG 6 AM 8:45

KM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

UNITED STATES OF AMERICA

v.

NO.    3-25CR-367 L

MARK EXPOSITO

## **PLEA AGREEMENT**

Mark Exposito, the defendant; Scott Palmer and Russell Turkel, the defendant's

attorneys; and the United States of America (the government) agree as follows:

1.    **Rights of the defendant**:  The defendant understands that the defendant

has the rights:

> a.    to plead not guilty;
>
> b.    to have a trial by jury;
>
> c.    to have the defendant's guilt proven beyond a reasonable doubt;
>
> d.    to confront and cross-examine witnesses and to call witnesses in the
> defendant's defense; and
>
> e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:  The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Information, charging a

violation of 18 U.S.C. § 371 (18 U.S.C. § 641), that is, conspiracy to commit theft of

government money or property.  The defendant understands the nature and elements of

the crime to which the defendant is pleading guilty, and agrees that the factual resume the

defendant has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose for Count One

include:

    a.    imprisonment for a period not to exceed five years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the
defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three years, which may
be mandatory under the law and will follow any term of
imprisonment. If the defendant violates the conditions of supervised
release, the defendant could be imprisoned for the entire term of
supervised release;

    d.    a mandatory special assessment of $100;

    f.    restitution to victims or to the community, which may be mandatory
under the law, and which the defendant agrees may include
restitution arising from all relevant conduct, not limited to that
arising from the offense of conviction alone;

    g.    costs of incarceration and supervision; and

    h.    forfeiture of property.

4.    **Immigration consequences**: The defendant recognizes that pleading

guilty may have consequences with respect to the defendant's immigration status if the

defendant is not a citizen of the United States. Under federal law, a broad range of

crimes are removable offenses. The defendant understands this may include the offense

to which the defendant is pleading guilty, and for purposes of this plea agreement, the

Plea Agreement—Page 2

defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.     **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.     **Defendant's agreement**. The defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating

to the offense(s) of conviction and all relevant conduct, or any information the defendant
must provide related to this agreement.

7.    **Mandatory special assessment**:  The defendant agrees to pay the U.S.
District Clerk the amount of $100 in satisfaction of the mandatory special assessment(s)
prior to sentencing.

8.    **Financial Obligations**: The defendant understands that any financial
obligation imposed by the Court for restitution, fines, or special assessments is due and
payable immediately.  In the event the Court imposes a schedule for payment, the
defendant agrees that such a schedule represents a minimum payment obligation and does
not preclude the U.S. Attorney's Office from pursuing any other means by which to
satisfy the defendant's full and immediately enforceable financial obligation.  The
defendant understands that the defendant has a continuing obligation to pay in full as
soon as possible any financial obligation imposed by the Court.  The defendant further
agrees as follows:

    a.   The defendant agrees that the financial statement, with any supporting
documents, the defendant provides to the USPO may be shared with the
Court and the government.

    b.   The defendant shall submit to interviews by the government and the
USPO regarding the defendant's capacity to satisfy any fine, restitution,
or special assessment.

    c.   The defendant expressly authorizes the United States Attorney's Office
to immediately obtain a credit report on the defendant to evaluate the

defendant's ability to satisfy any financial obligation imposed by the Court.

9.  **Restitution**: The defendant agrees that the Court is authorized to order, and the defendant agrees to pay, restitution for all loss resulting from the offense(s) of conviction and all relevant conduct, in an amount to be determined by the Court. Defendant agrees that, for purposes of this paragraph, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. The defendant understands that should the Court order that restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. The defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility of the defendant until the defendant has paid the defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10.  **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information. The defendant agrees that this property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c). The defendant consents to entry of any orders or

declarations of forfeiture regarding such property and waives any requirements (including

notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985;

the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal

Procedure. The defendant agrees to provide truthful information and evidence necessary

for the government to forfeit such property. The defendant agrees to hold the

government, its officers, agents, and employees harmless from any claim whatsoever in

connection with the seizure, forfeiture, storage, or disposal of such property.

11. **Government's agreement**: The government will not bring any additional

charges against the defendant based upon the conduct underlying and related to the

defendant's plea of guilty. The government will file a Supplement in this case, as is

routinely done in every case, even though there may or may not be any additional terms.

The government will dismiss, after sentencing, any remaining charges in the pending

information. This agreement is limited to the United States Attorney's Office for the

Northern District of Texas and does not bind any other federal, state, or local prosecuting

authorities, nor does it prohibit any civil or administrative proceeding against the

defendant or any property.

12. **Violation of agreement**: The defendant understands that if the defendant

violates any provision of this agreement, or if the defendant's guilty plea is vacated or

withdrawn, the government will be free from any obligations of the agreement and free to

prosecute the defendant for all offenses of which it has knowledge, including the

reinstatement of charges dismissed pursuant to this plea agreement. In the event of such

a violation, vacatur, or withdrawal, the defendant waives all objections based upon delay

in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives all objections to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the Court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each

Plea Agreement—Page 7

paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16.   **Entirety of agreement**:  This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

[Remainder of page intentionally blank]

AGREED TO AND SIGNED this _4_ day of _August_, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

RYAN P. NIEDERMAIR
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8809
Email: ryan.niedermair@usdoj.gov

RENEE HUNTER
Section Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    8/4/25
MARK EXPOSITO                Date

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____    08/04/2025
SCOTT PALMER                Date
Attorney for Defendant

_____    08/04/2025
RUSSELL TURKEL              Date
Attorney for Defendant

**Plea Agreement—Page 9**

FILED-USDC-NDTX-DA
'25 AUG 6 AM8:45

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MARK EXPOSITO

NO.

3-25CR-367 L

## FACTUAL RESUME

In support of Mark Exposito's plea of guilty to the offense in Count One of the
Information, Exposito, the defendant, Scott Palmer and Russell Turkel, the defendant's
attorneys, and the United States of America (the government) stipulate and agree to the
following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation
of 18 U.S.C. § 371 (18 U.S.C. § 641), that is conspiracy to commit theft of government
money or property, the government must prove each of the following elements beyond a
reasonable doubt:[1]

|   | |
|---|---|
| *First.* | That the defendant and at least one other person agreed to commit the crime of theft of government money or property, as charged in the Information; |
| *Second.* | That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and |
| *Third.* | That at least one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts |

---

[1] *See* Fifth Circuit Pattern Jury Instruction 2.15A (2024).

**Factual Resume—Page 1**

> described in the Information in order to accomplish some object or purpose of the conspiracy.

The elements of Theft of Government Money or Property, a violation of 18 U.S.C. § 641 are as follows:[2]

| | |
|---|---|
| *First.* | That the money described in the Information belonged to the United States government; |
| *Second.* | That the defendant embezzled, stole, or knowingly converted such money to the defendant's own use; |
| *Third.* | That the defendant did so knowing the money was not his and with intent to deprive the owner of the use or benefit of the money; and |
| *Fourth.* | That such property then had a value in excess of $1,000. |

## STIPULATED FACTS

1.    Mark Exposito admits and agrees that, on or about April 2, 2021, in the Dallas Division of the Northern District of Texas and elsewhere, he did knowingly, intentionally, and willfully conspire, combine, and agree with others to commit an offense against the United States, that is a violation of Title 18, United States Code, Section 641, by embezzling, stealing, purloining, and knowingly converting to his own use, money and property of the United States of value exceeding $1,000.00, namely loan proceeds under the Paycheck Protection Program, which was funded and administered by the United States Small Business Administration through the federal CARES Act, to which he knew he was not entitled.

---

[2] *See* Fifth Circuit Pattern Jury Instruction 2.27 (2024).

**Factual Resume—Page 2**

2.      Exposito agrees that, on or about March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security Act ("The Cares Act"), an economic stimulus bill that, among other things, provided emergency assistance to small business owners in all U.S. states, Washington D.C., and territories affected by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3.      Exposito further agrees that the PPP program, which was operated by the Small Business Administration ("SBA"), provided small businesses with funding to meet specific business obligations, including payroll and rent.  The PPP loan application required that businesses acknowledge, through authorized representatives, the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

4.      Exposito further agrees that, as part of the PPP loan application, businesses were required to state their average monthly payroll expenses and number of employees. These figures were used to calculate the amount of money the applicant businesses were eligible to receive under the PPP.  In addition, businesses were required to provide documentation evidencing their payroll expenses, such as bank statements and federal tax documents.  Specifically, PPP loan proceeds could be used only for certain specified items, such as payroll costs, rent, or mortgage interest payments.

5.      Exposito agrees that the proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences,

clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

6.      Exposito admits that from on or about June 1, 2020 to on or about April 2, 2021, he knowingly, intentionally, and willfully conspired with others to enrich themselves by fraudulently obtaining Paycheck Protection Program loan proceeds funded and administered by the United States Small Business Bureau.

7.      Exposito admits that, on or about March 23, 2021, in furtherance of the conspiracy, he caused an application for a PPP loan—on behalf of his business Circle E Ranch—to be submitted through third-party lender Cross River Bank.  That application falsely stated that Circle E Ranch had 42 employees with an average monthly payroll of $281,551.  The application also contained a fraudulent 2019 Internal Revenue Service Form 940.

8.      Exposito further admits that, in furtherance of the conspiracy, he and coconspirator A agreed to alter and did alter a bank statement in support of the application.  This altered bank statement falsely showed that Circle E Ranch had business income.

9.      Exposito agrees and admits that his loan application was approved and, on or about April 2, 2021, he received $706,377 in PPP loan proceeds to a BB&T Corporation bank account ending in 8701 that he controlled.  Exposito agrees that this money belonged to the United States government.

**Factual Resume—Page 4**

10.     Exposito admits and agrees that, from on or about April 2, 2021, to on or about May 25, 2021, he wired $577,231.95 of the PPP loan proceeds to several other business bank accounts that he controlled.

11.     Specifically, Exposito admits that on April 2, 2021, he wired $247,231.95 in PPP loan proceeds to a BB&T Corporation bank account ending in 0021 that he controlled. Exposito then further wired the loan proceeds to a bank account controlled by Coconspirator A.

12.     Exposito admits and agrees that he knew that he was not entitled to the PPP loan proceeds that he obtained on behalf of Circle E Ranch and that he knowingly and willfully converted the PPP loan proceeds for his own use.

13.     The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

**Factual Resume—Page 5**

AGREED TO AND STIPULATED on this ____ day of _____, 2025.


NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


_____
MARK EXPOSITO
Defendant

_____
SCOTT PALMER
Attorney for Defendant

_____
RUSSELL TURKEL
Attorney for Defendant

_____
RYAN P. NIEDERMAIR
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24116828
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel:  214-659-8600
Fax:  214-659-8809
Email:  ryan.niedermair@usdoj.gov


**Factual Resume—Page 6**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Case No.** |
| | § | **3:23-CR-00367-L** |
| **MARK EXPOSITO** | § | |
| **Defendant.** | § | |
| | § | |

## <u>NOTICE OF APPEARANCE</u>

COMES NOW, Russell Turkel of Palmer Perlstein and files this Notice of Appearance of Counsel for Mark Exposito in this matter.

### I.

Defendant has retained Russell Turkel of Palmer Perlstein as counsel in this case. Defendant asks the Court and the Clerk to note his appearance as counsel for Mark Exposito.

Respectfully submitted,

/s/ Russell Turkel
**Russell Turkel**
TX State Bar No. 24125437

Palmer Perlstein
15455 Dallas Parkway
Suite 540,
Addison, Texas 75001
TEL (214) 987-4100
FAX (214) 922-9900
Russell@palmerperlstein.com

ATTORNEY FOR DEFENDANT

<u>NOTICE OF APPEARANCE OF LEAD COUNSEL Page 1 of 2</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served, via the ECF filing system on August 7, 2025.

<u>/s/ Russell Turkel</u>
**Russell Turkel**

<u>NOTICE OF APPEARANCE OF LEAD COUNSEL Page 2 of 2</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Case No.** |
| | § | **3:25-cr-00367-L** |
| **MARK EXPOSITO** § | | |
| **Defendant.** | § | |

## <u>NOTICE OF APPEARANCE</u>

COMES NOW, Scott H. Palmer of Palmer Perlstein and files this Notice of Appearance of Lead Counsel for Mark Exposito in this matter.

### I.

Defendant has retained Scott H. Palmer of Palmer Perlstein, as counsel in this case. Defendant asks the Court and the Clerk to note his appearance as lead counsel for Mark Exposito.

Respectfully submitted,

<u>/s/ Scott Palmer</u>
SCOTT PALMER
TX State Bar No. 00797196

SCOTT H. PALMER, P.C.
15455 Dallas Parkway
Suite 540,
Addison, Texas 75001
TEL (214) 987-4100
FAX (214) 922-9900
Scott@palmerperlstein.com

ATTORNEY FOR DEFENDANT

<u>**NOTICE OF APPEARANCE OF LEAD COUNSEL Page 1 of 2**</u>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via the ECF filing system on August 7, 2025.

/s/ Scott H. Palmer
SCOTT H. PALMER

NOTICE OF APPEARANCE OF LEAD COUNSEL Page 2 of 2



ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 3:25-CR-00367 |
| | § | |
| MARK EXPOSITO | § | |

## CONSENT TO TRANSFER OF CASE FOR PLEA AND SENTENCE
### (UNDER FED. R. CRIM. P. 20)

I, Mark Exposito, defendant, have been informed that an Information is pending against me in the above-designated cause. I wish to plead guilty to the offense charged and to consent to the disposition of the case in the Eastern District of Texas and hereby waive any further proceedings in the Northern District of Texas.

This case is associated with a case currently pending in the Eastern District of Texas: *United States v. Mark Exposito*, Case No. 4:23-CR-63, in the United States District Court for the Eastern District of Texas, Sherman Division, Judge Mazzant presiding. In light of this, the parties respectfully request assignment of this case to Judge Mazzant upon transfer.

Dated: _____Sep 10_____, 2025.

_____
Mark Exposito, Defendant

_____
Witness

1

_____
Counsel for Defendant

_____
Assistant United States Attorney

Approved

Digitally signed by JAY
COMBS
Date: 2025.08.28 17:09:48
-05'00'

_____ by designation for
UNITED STATES ATTORNEY FOR
THE NORTHERN DISTRICT
OF TEXAS

_____
UNITED STATES ATTORNEY FOR
THE EASTERN DISTRICT OF TEXAS

2